ROBERT SIMMONS,

      Petitioner,

                                 Case No. 07- CV-10290

v.                                   The Honorable Denise Page Hood

JEFF WHITE,

      Respondent.

_____/

## ORDER DENYING MOTION TO REQUEST RECONSIDERATION AS TO OPINION AND ORDER GRANTING RESPONDENT'S MOTION FOR SUMMARY JUDGEMENT

**I.      INTRODUCTION**

      This matter is before the Court on Petitioner's Motion for Reconsideration **[Docket No. 23, filed April 1, 2008]**, which requests the Court to reconsider its March 20, 2008 Order granting Respondent's Motion for Summary Judgment due to the trial court's (3rd Judicial Circuit Court of Michigan) alleged lack of subject matter jurisdiction.[1]  This matter is also before the Court on Petitioner's Motion for Contempt of Court **[Docket No. 20, filed March 19, 2008]**.

**II.     STATEMENT OF FACTS**

      Petitioner was arrested on November 13, 2002, after he assaulted and attempted to commit criminal sexual conduct on one Cynthia Williams.  Petitioner was charged under 18 U.S.C. §111, and pled guilty to this charge on April 14, 2003.  Petitioner filed a petition for habeas relief **[Docket No. 1, filed January 18, 2007],** claiming that the State of Michigan refuses to answer, or grant any

---

[1] The Petitioner also filed an Amendment to the Motion for Reconsideration **[Docket No. 24, filed April 17, 2008]** clarifying his legal theory.  The Amendment is noted by the Court and considered herein.

motions that Petitioner made in reference to his case. The Court denied the petition as it was time barred pursuant to 28 U.S.C § 2244(d)(1), and granted the Respondent's Motion for Summary Judgement regarding the habeas petition **[Docket No. 21, filed March 20, 2008].** Petitioner subsequently filed the instant motion arguing that the trial court lacked the proper jurisdiction, and consequently the March 30, 2008 Order granting Respondent's Motion for Summary Judgment is void.

### III.    LAW AND ANALYSIS

Petitioner requests the Court to reconsider the Opinion and Order Granting Respondent's Motion for Summary Judgment **[Docket No. 21, filed March 20, 2008]** based on an alleged "critical" unanswered question regarding the dismissal of his petition for habeas relief. Petitioner asserts that the original trial court lacked subject matter jurisdiction and since the issue of subject matter jurisdiction can be raised at any point in a proceeding, and is never time barred, the Court erred in granting Respondent's Motion for Summary Judgment. However, it appears under Local Rule 7.1(g) Petitioner's Motion  is without merit. Local Rule 7.1(g) states:

> **(g) Motions for Rehearing or Reconsideration.**
> **(1) Time.** A motion for rehearing or reconsideration must be filed within 10 days after entry of judgment or order.
> **(2) No Response and No Rehearing Allowed.**  No response to the motion and no oral argument are permitted unless the court orders otherwise
> **(3) Grounds.**  Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case.

E.D. Mich. LR 7.1(g). It should be noted that Petitioner's Motion was timely filed. To succeed on a motion for reconsideration under Local Rule 7.1(g)(3) "[t]he movant must not only demonstrate

a palpable defect by which the court and the parties have been misled but also must show that correcting the defect will result in a different disposition of the case." A "palpable defect" is "a defect that is obvious, clear, unmistakable, manifest, or plain." *Olson v. Home Depot*, 321 F. Supp. 2d. 872, 874 (E. D. Mich. 2004); Blacks Law Dictionary 1110 (6th ed. 1990). While a lack of subject matter jurisdiction would surely be a palpable defect that would result in a different disposition of the case, there does not appear to be a lack of subject matter jurisdiction at any step of Petitioner's proceedings. State Courts are courts of concurrent jurisdiction, meaning that they are courts that can hear both State and Federal claims. The Supreme Court in *Yellow Freight System, Inc. v. Donnelly* stated, "under our 'system of dual sovereignty, we have consistently held that state courts have inherent authority, and are thus presumptively competent, to adjudicate claims arising under the laws of the United States.'" 494 U.S. 820, 823, 108 L. Ed. 2d 834, 110 S. Ct. 1566 (1990). "To give federal courts exclusive jurisdiction over a federal cause of action, Congress must, in an exercise of its powers under the Supremacy Clause, affirmatively divest state courts of their presumptively concurrent jurisdiction." *Id*.

Petitioner was charged and pled guilty under 18 U.S.C. §111, which reads:

**(a) In general.** Whoever --

**(1)** forcibly assaults, resists, opposes, impedes, intimidates, or interferes with any person designated in section 1114 of this title while engaged in or on account of the performance of official duties; or
**(2)** forcibly assaults or intimidates any person who formerly served as a person designated in section 1114 on account of the performance of official duties during such person's term of service, shall, where the acts in violation of this section constitute only simple assault, be fined under this title or imprisoned not more than one year, or both, and where such acts involve physical contact with the victim of that assault or the intent to commit another felony, be fined under this title or imprisoned not more than 8 years, or both.
**(b) Enhanced penalty.** Whoever, in the commission of any acts described in subsection (a), uses a deadly or dangerous weapon (including a weapon intended to

3

cause death or danger but that fails to do so by reason of a defective component) or inflicts bodily injury, shall be fined under this title or imprisoned not more than 20 years, or both.

18 U.S.C. § 111. Nowhere in 18 U.S.C. §111 does it read that Congress intended to divest State Courts from having subject matter jurisdiction over a cause of action based on the statute. Therefore, Petitioner's Motion for Reconsideration must be denied under Local Rule 7.1(g)(3) because there is in fact no defect in the judgment.

The Petitioner's motion similarly fails to merit relief under Rule 60(b) of the Federal Rules of Civil Procedure. Rule 60(b) provides:

> **b) Grounds for Relief from a Final Judgment, Order, or Proceeding.** On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> **(1)** mistake, inadvertence, surprise, or excusable neglect;
> **(2)** newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> **(3)** fraud, misrepresentation, or misconduct by an opposing party;
> **(4)** the judgment is void;
> **(5)** the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> **(6)** any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Petitioner may have been able to carry his motion based on Rule 60(b)(4) because a judgment that lacks subject matter jurisdiction will always be void or voidable. However, as stated above, there is, and always has been, valid subject matter jurisdiction regarding the proceedings of the Petitioner. Accordingly, the Court must deny Petitioner's motion on this basis also. As such, Petitioner's Motion for Contempt of Court, in which he seeks to hold the Michigan Attorney General in contempt for failing to provide "a complete copy of [a]ll documents, transcripts, and any other information that was used to support [the state criminal action]," is MOOT.

## IV.   CONCLUSION

For the reasons stated above,

**IT IS ORDERED** that Petitioner's Motion for Reconsideration  **[Docket No. 23, filed April 1, 2008]**  is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner's Motion for Contempt of Court **[Docket No. 20, filed March 19, 2008]** is **MOOT**.

s/ DENISE PAGE HOOD
DENISE PAGE HOOD
United States District Judge

DATED: December 12, 2008

I hereby certify that a copy of the foregoing document was served upon counsel of record and Robert Simmons, Reg. No. 333714, Hiawatha Correctional Facility, 4533 Industrial Park Drive, Kincheloe, MI 49786 on December 12, 2008, by electronic and ordinary mail.

s/ Wm. F. LEWIS
Case Manager